## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

BENJAMIN D. TARVER,

    Plaintiff,

v.

LYFT FLORIDA, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 6: 26-CU-1328-AGM-NWK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BENJAMIN D. TARVER ("Plaintiff"), sues Defendant LYFT FLORIDA, INC. ("Defendant"), and alleges:

## INTRODUCTION

1. Plaintiff Benjamin D. Tarver ("Plaintiff") brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Defendant's use of information obtained from a consumer reporting agency in connection with Plaintiff's eligibility to continue operating as a driver on Defendant's platform.

2. Plaintiff alleges that Defendant took adverse action against Plaintiff based in whole or in part upon information contained in a consumer report without first providing Plaintiff a copy of the report and a summary of rights under the FCRA before the adverse action was taken.

-1-

3. Plaintiff seeks statutory damages, punitive damages as permitted by law, costs, and such other relief as the Court deems just and proper.

## PARTIES

4. Plaintiff Benjamin D. Tarver is a natural person residing in Orange County, Florida.

5. Defendant Lyft Florida, Inc. is a Florida corporation with its principal place of business in San Francisco, California.

6. Defendant may be served through its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

9. Plaintiff was a driver using Defendant's rideshare platform for approximately seven years.

10. Plaintiff maintained a driver account through which he was eligible to provide rides using Defendant's platform.

11. Defendant obtained, used, or relied upon information supplied by Safety Holdings Inc., which, upon information and belief, acted as a consumer reporting agency as defined by the FCRA.

12. On June 11, 2026, Defendant transmitted an email to Plaintiff entitled "Important information about your Lyft driver status."

13. In that communication, Defendant stated that, "[b]ased in whole or part on information found in your driving record," Plaintiff was not eligible to continue driving with Lyft.

14. Defendant further advised Plaintiff that his driving history had been provided by Safety Holdings Inc.

15. Plaintiff alleges that Defendant's decision constituted an adverse action within the meaning of the FCRA.

16. Prior to Defendant's adverse action, Plaintiff did not receive a copy of the consumer report upon which Defendant relied.

17. Prior to Defendant's adverse action, Plaintiff did not receive a Summary of Rights under the Fair Credit Reporting Act.

18. Prior to Defendant's adverse action, Plaintiff did not receive a pre-adverse action notice advising that Defendant was considering taking adverse action based upon information contained in a consumer report.

19. Prior to Defendant's adverse action, Plaintiff was not afforded an opportunity to review the report and dispute any information before Defendant implemented its decision.

20. Upon information and belief, Plaintiff's driver account was placed on hold, suspended, deactivated, or otherwise rendered ineligible contemporaneously with Defendant's communication informing Plaintiff of its decision.

21. Following the adverse action, Defendant directed Plaintiff to obtain a copy of the report from Safety Holdings Inc.

22. Plaintiff alleges that Defendant provided post-decision notice only after the adverse action had already been implemented.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(3)(A)

23. Plaintiff realleges only Paragraphs 11 through 22 of this Complaint.

24. Defendant used a consumer report for a purpose governed by 15 U.S.C. § 1681b(b)(3)(A).

25. Before taking adverse action against Plaintiff based in whole or in part on information contained in a consumer report, Defendant was required to provide Plaintiff with a copy of the report and a written description of consumer rights prescribed by the Consumer Financial Protection Bureau.

26. Plaintiff alleges that Defendant took adverse action before providing those required materials.

27. Plaintiff alleges that Defendant failed to provide a copy of the consumer report before taking adverse action.

28. Plaintiff alleges that Defendant failed to provide the required summary of rights before taking adverse action.

29. Plaintiff alleges that Defendant failed to provide Plaintiff a meaningful opportunity to review and respond to the report before implementing its decision.

30. As a result, Plaintiff alleges that Defendant violated 15 U.S.C. § 1681b(b)(3)(A).

## COUNT II
### Willful Noncompliance 15 U.S.C. § 1681n

31. Plaintiff realleges only Paragraphs 24 through 30 of this Complaint.

32. Plaintiff alleges that Defendant's violation of the FCRA was willful within the meaning of 15 U.S.C. § 1681n.

33. Plaintiff alleges that Defendant maintained policies, procedures, systems, or practices that resulted in adverse action being implemented before Plaintiff received the disclosures required by the FCRA.

-5-

34. Plaintiff alleges that Defendant acted in conscious disregard of obligations imposed by the FCRA or otherwise acted in a manner that created an unjustifiably high risk of violating those obligations.

35. Plaintiff seeks statutory damages, punitive damages as permitted by law, costs, and such other relief authorized by 15 U.S.C. § 1681n.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

(a) Award actual damages pursuant to 15 U.S.C. § 1681n;

(b) Award statutory damages pursuant to 15 U.S.C. § 1681n;

(c) Award damages in the total amount of $22,500, inclusive of actual damages, statutory damages, emotional distress damages, consequential damages, punitive damages, and all other relief recoverable under the Fair Credit Reporting Act;

(d) Award costs of suit; and

(e) Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

BENJAMIN D. TARVER
450 South Orange Ave, 3rd Floor
Orlando, FL  32801
T: 407-308-2968
E: litigation@civilfilings.com

Dated: June 16, 2026                    *Plaintiff, Pro Se*