**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EXHIBIT A**

**BENJAMIN D. TARVER,**

**Plaintiff,**

**vs.**

**CASE NO. 6:26-cv-01328-AGM-NWH**

**LYFT FLORIDA, INC.,**

**Defendant.**
______________________________/

**DECLARATION OF JEANNIE LIEU IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**

Pursuant to 28 U.S.C. § 1746, I, Jeannie Lieu, hereby attest and affirm as follows:

1. I am an adult over the age of 21 competent to testify to the matters set forth herein. I make this declaration based on my personal knowledge, and in support of Lyft Florida, Inc.'s Motion to Compel Arbitration and to Stay the Proceedings.

2. I am currently employed by Lyft, Inc. as the Senior Paralegal. In that role, I am familiar with Lyft's Terms of Service ("Terms"), the manner in which the Terms are presented to users through the Lyft application, Lyft's systems and records concerning users' acceptance of the Terms, Lyft's records concerning arbitration opt-outs, and the corporate relationship between Lyft, Inc. and Lyft Florida, Inc. I am authorized to review and authenticate those records.

3. Lyft operates a technology platform (the "Lyft platform") that enables persons seeking transportation ("Riders") to be matched with persons who provide

rideshare services ("Drivers"). Users access the Lyft platform through Lyft's mobile application and related technology. Lyft Florida, Inc. is a Florida corporation with its principal place of business in San Francisco, California, and is a wholly owned subsidiary of Lyft, Inc., a Delaware corporation with its principal place of business in San Francisco, California.

4. Benjamin D. Tarver, Plaintiff in the underlying action, maintained a Lyft driver account associated with account number 6194676809 and email address benjamin16713@gmail.com. Lyft's records reflect that Tarver used the Lyft platform as a Driver.

5. When Lyft publishes new or updated Terms of Service, the Lyft applications presents the Terms to the user. The user must scroll through the Terms and affirmatively select "accept" before proceeding and continuing to use the Lyft platform.

6. A user who does not select "accept" cannot proceed through the application or continue accessing the Lyft platform.

7. When a user selects "accept," Lyft's system records the acceptance in a Terms of Service Consent History ("TOS Consent History") associated with the user's account. The TOS Consent History identifies the applicable version of the Terms and records the date and time of acceptance. These records are created and maintained in the ordinary course of Lyft's business at or near the time of the recorded event.

8. Lyft's Terms were last updated on February 9, 2026 and subsequently accepted by Plaintiff on February 28, 2026. A true and correct copy of those Terms is attached as Exhibit 1.

9. I reviewed the TOS Consent History associated with Plaintiff's account. It reflects that Plaintiff accepted Lyft's Terms on multiple occasions, including most recently on February 28, 2026. A true and correct copy of Plaintiff's TOS Consent History is attached as Exhibit 2.

10. Near the beginning of the document, the Terms advises users that Section 17 of the Terms governs how claims between the user and Lyft may be brought and, with limited exceptions, requires binding and final arbitration on an individual basis. The Terms also state that, by entering this agreement or using or accessing the Lyft platform, the user accepts all of the Terms, including Section 17, and that a user who does not agree may not use or access the platform.

11. Section 17(a), titled "Agreement to Binding Arbitration Between You and Lyft," provides that the user and Lyft mutually agree to waive resolution of disputes in court before a judge or jury and to resolve disputes through binding arbitration. It further provides that all disputes and claims between the parties shall be exclusively resolved by binding arbitration, subject to identified exceptions not applicable here.

12. Section 17(a) expressly includes claims arising out of or relating to the threatened or actual suspension, deactivation, or termination of a user account;

criminal background and driving history checks performed by or on Lyft's behalf, and claims arising under the Fair Credit Reporting Act.

13. Section 17(l) provides a procedure by which Drivers and driver applicants may opt out of arbitration for certain Driver Claims. Among other requirements, a valid opt-out must be submitted by a dated and signed writing to the designated email address within 30 days after the user executes the Terms.

14. I reviewed Lyft's records maintained for arbitration opt-outs using the identifying information associated with Plaintiff's account. Those records contained no arbitration opt-out submitted by Plaintiff.

15. The Terms define "Lyft" to include Lyft, Inc. and its parents, subsidiaries, representatives, affiliates, officers, and directors. As a wholly owned subsidiary of Lyft, Inc., Lyft Florida, Inc. falls within that definition.

16. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2026

Jeannie Lieu

# Declaration in Support of Defendant's Motion to Compel Arbitration

Final Audit Report 2026-08-06

| | |
|---|---|
| Created: | 2026-08-06 |
| By: | Maya Levy (Maya.Levy@jacksonlewis.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAGs18OKmW2Cj5nxVHIhF_1-aylcLUdriy |

## "Declaration in Support of Defendant's Motion to Compel Arbitrat ion" History

Document created by Maya Levy (Maya.Levy@jacksonlewis.com)
2026-08-06 - 3:14:39 PM GMT

Document emailed to Jeannie Lieu (jlieu@lyft.com) for signature
2026-08-06 - 3:17:41 PM GMT

Email viewed by Jeannie Lieu (jlieu@lyft.com)
2026-08-06 - 10:32:44 PM GMT

Document e-signed by Jeannie Lieu (jlieu@lyft.com)
Signature Date: 2026-08-06 - 10:33:04 PM GMT - Time Source: server - Signature Appearance Selected: IMAGE

Agreement completed.
2026-08-06 - 10:33:04 PM GMT