UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN D. TARVER,

Plaintiff,

v. Case No. 6:26-cv-1328-AGM-CAB

LYFT FLORIDA, INC.,

Defendant.

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Compel Arbitration and to Stay Proceedings (the "**Motion**") (Doc. 23), as well as the Parties' Joint Notice of Non-Opposition to the Motion (Doc. 27). Upon due consideration, the undersigned recommends that the Motion be granted, that the parties be ordered to submit all claims to arbitration, and that the case be stayed pending arbitration.

### I. BACKGROUND

In this action, Plaintiff is suing Defendant Lyft Florida, Inc., for alleged violations of the Fair Credit Reporting Act ("**FCRA**") related to Defendant's termination of Plaintiff's account with Defendant in June 2026. (Doc. 1). Plaintiff's claims stem from his work as a driver using Defendant's rideshare platform and include allegations that Defendant unlawfully used information obtained from a consumer reporting agency in assessing Plaintiff's eligibility to continue operating as a driver on Defendant's platform. (Doc. 1 at 2). More specifically, Plaintiff alleges that

Defendant relied upon information supplied by a consumer reporting agency, as defined by the FCRA, without providing Plaintiff with required notices. (Doc. 1 at 2–3).

While working as a driver using Defendant's rideshare platform, Plaintiff electronically accepted Defendant's Terms of Service on multiple occasions, including as recently as February 28, 2026. (Doc. 23 at 3; Doc. 23-1 ¶ 9). Those Terms of Service included a Section titled "Agreement to Binding Arbitration Between You and Lyft" (the "**Arbitration Agreement**"), a portion of which provides as follows:

> YOU AND LYFT MUTUALLY AGREE TO WAIVE OUR RESPECTIVE RIGHTS TO RESOLUTION OF DISPUTES IN A COURT OF LAW BY A JUDGE OR JURY AND AGREE TO RESOLVE ANY DISPUTE BY ARBITRATION, as set forth below. This agreement to arbitrate ("Arbitration Agreement") is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 . . . .I

(Doc. 23-2 at 19).

The Arbitration Agreement further provides that the claims covered by arbitration include those relating to "any dispute, claim or controversy . . . relating to . . . the Lyft Platform, the Rideshare Services . . . . the threatened or actual suspension, deactivation or termination of your User account or this Agreement, criminal background checks and driving history checks performed by or on Lyft's behalf . . . ." (Doc. 23-2 at 20). The Arbitration Agreement also states that it covers claims "arising under [the] . . . . Fair Credit Reporting Act." (*Id.*).

Defendant now requests that the Court (1) compel arbitration pursuant to the Arbitration Agreement, and (2) stay the action. (Doc. 23). Although Plaintiff initially

opposed the Motion, the Parties have since filed a joint notice advising that Plaintiff has no objection to the requested relief. (Doc. 27).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005)I. Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." *See* 9 U.S.C. § 2; *Walthour v. Chipio Windshield Repair*, LLC, 745 F.3d 1326, 1329 (11th Cir. 2014). The FAA establishes "a liberal federal policy favoring arbitration [agreements] and the fundamental principle that arbitration is a matter of contract." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1263-64 (11th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal quotation marks omitted)); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, *Inc.*, 473 U.S. 614, 625-26 (1985) (requiring courts to "rigorously enforce agreements to arbitrate" (internal quotation omitted)).

Section 4 of the FAA grants district courts the authority to compel arbitration once the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not [a]n issue." *See* 9 U.S.C. § 4. The FAA thus codifies a "strong federal preference for arbitration of disputes . . . ." *Musnick v. King Motor Co.*

*of Fort Lauderdale*, 325 F.3d 1255, 1258 (11th Cir. 2003); *see also Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) (per curiam) ("Federal policy strongly favors enforcing arbitration agreements.").

The Supreme Court has held that the FAA applies generally to employment contracts, except those involving "transportation workers." *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); *see also Caley*, 428 F.3d at 1367 ("Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes.") (citation omitted). The United States Court of Appeal for the Eleventh Circuit has further provided that the "transportation worker" exception to the FAA applies only to workers who "actually engage in the transportation of goods in interstate commerce" and are also "employed in the transportation industry." *Hill v. Rent-A-Ctr., Inc.*, 398 F.3d 1286, 1289–90 (11th Cir. 2005) (internal quotation mark omitted). In *Hill*, the Eleventh Circuit declined to apply the "transportation worker" exemption to those whose "interstate transportation activity" is only "incidental to [their] employment." *Id.*

In considering whether to compel arbitration, a court considers the following three factors: (1) "whether a valid written agreement to arbitrate exists;" (2) "whether an arbitrable issue exists;" and (3) "whether the right to arbitrate has been waived." *Exceen v. Ramirez*, No. 8:24-cv-00880-WFJ-AEP, 2024 WL 3327509, at *2 (M.D. Fla. June 13, 2024) (quoting *Williams v. Eddie Acardi Motor Co.*, No. 3:07-cv-782-J-32JRK,

2008 WL 686222, at *4 (M.D. Fla. Mar. 10, 2008)); *see also Abellard v. Wells Fargo Bank, N.A.*, No. 19-cv-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019); *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (indicating that the threshold question in determining whether to compel arbitration is "whether the parties agreed to arbitrate the dispute") (citing *Mitsubishi Motors Corp.*, 473 U.S. at 626). "The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011) (citations omitted).

Once the court is satisfied that an arbitration agreement is enforceable, the FAA provides that a court must stay the action pending arbitration. *See* 9 U.S.C. § 3; *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (per curiam) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration") (citing 9 U.S.C. § 3); *Caley*, 428 F.3d at 1368 (stating that "the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding is referable to arbitration" under a written arbitration agreement) (citation and internal quotation marks omitted); *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014) ("The Eleventh Circuit has held that the proper course is to stay the proceedings rather than dismiss the action.") (citations omitted).

## III. DISCUSSION

Here, at least for purposes of the Motion, the parties agree that they entered into a valid and enforceable Arbitration Agreement that covers Plaintiff's claims against Defendant. (*See* Docs. 23; 27). The Arbitration Agreement provides that it covers, among other things, disputes related to the "Lyft Platform," rideshare services, or termination of Plaintiff's user account. (Doc. 23-2 at 20). The Arbitration Agreement further covers claims "arising under [the] . . . . Fair Credit Reporting Act." (*Id.*). These are the very types of claims that Plaintiff has raised against Defendant. (*See* Doc. 1).

As set forth above, "transportation workers" who engage primarily in interstate commerce are not covered by the FAA. Many courts, however, have determined that rideshare services like Lyft are primarily engaged in intrastate commerce and thus are not covered by the exception. *See, e.g., Hinson v. Lyft, Inc.*, 522 F. Supp. 3d 1254, 1261 (N.D. Ga. 2021) ("Lyft is not a trucking or delivery service but a rideshare service that predominantly affects intrastate commerce."); *Short v. Uber_Techs., Inc.*, No. 21-14057-CIV, 2021 WL 12267912, at *3 (S.D. Fla. Sept. 14, 2021) (noting that "the undisputed record does not support the contention that Uber drivers are, as a class, engaged in interstate commerce"); *Cunningham v. Lyft, Inc.*, 17 F.4th 244, 253 (1st Cir. 2021) (holding that rideshare drivers using Lyft are covered by the FAA); *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 917 (N.D. Cal. 2020) (articulating the same), *aff'd*, No. 20-15689, 2022 WL 474166 (9th Cir. Feb. 16, 2022); *Osvatics v. Lyft, Inc.*, 535 F. Supp. 3d 1, 9–10 (D.D.C. 2021) (same). While some other courts have reached the opposite

conclusion,[1] the undersigned finds, based on the record in this case, that mandating arbitration would be more "consistent with the overarching principle of a liberal federal policy favoring arbitration agreements." *Hill*, 398 F.3d at 1290 (citation omitted).

Accordingly, the undersigned concludes that a valid Arbitration Agreement exists between the parties and that the scope of the Arbitration Agreement encompasses the instant dispute. *See Hinson*, 522 F. Supp. 3d at 1262 (holding that Lyft drivers "are subject to the Terms of Service Agreement agreed to in the course of using the Lyft platform, including the agreement to arbitrate any and all claims on an individual basis . . . ."); *Rogers,* 452 F. Supp. 3d at 917 (granting Lyft's motion to compel arbitration as to the plaintiffs' claims for individualized relief and holding that "the parties' arbitration agreement is subject to the FAA").

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Defendant Lyft Florida, Inc.'s Motion to Compel Arbitration and to Stay Proceedings (Doc. 23);
2. **ORDER** the parties to submit all claims to binding arbitration in accordance with the Arbitration Agreement (Doc. 23-2);

[1] *See, e.g., Haider v. Lyft, Inc.*, No. 20-cv-2997, 2021 WL 1226442, at *4 (S.D.N.Y. Mar. 31, 2021); *Islam v. Lyft, Inc.*, No. 20-CV-3004 (RA), 2021 WL 871417, at *14 (S.D.N.Y. Mar. 9, 2021); *Sienkaniec v. Uber Techs., Inc.*, 401 F. Supp. 3d 870, 871 (D. Minn. 2019).

3. **STAY** the case pending arbitration, while requiring Defendant Lyft Florida, Inc., to: (a) file a report every 90 days as to the status of the arbitration proceeding; and (b) notify the Court within 10 days of the final resolution of the arbitration proceeding or other resolution of this dispute; and
4. **DIRECT** the Clerk of Court to administratively close this case.

**NOTICE TO PARTIES**

A party has **fourteen days** from the date the party is served a copy of this Report to file written objections to this Report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

If the parties do not object to this Report, then they may expedite the approval process by filing notices of no objection.

Recommended in Orlando, Florida on September 8, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties